IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BARBARA HALL, :
:
    Plaintiff, :
:
vs. : CIVIL ACTION 13-072-WS-M
:
CAROLYN W. COLVIN, :
Commissioner of Social Security, :
:
    Defendant. :

## REPORT AND RECOMMENDATION

In this action under 42 U.S.C. 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits. The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was waived in this action (Doc. 19). Upon consideration of the administrative record and the memoranda of the parties, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Carolyn W. Colvin and against Plaintiff Barbara Hall.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-two years old, had completed a high school education (Tr. 55), and had previous work experience as a meat packager and commercial cleaner (Tr. 64). In claiming benefits, Plaintiff alleges disability due to degenerative disc disease, hypertension, bad nerves (anxiety and depression), chronic pain, plantar fasciitis, and osteoarthritis (Doc. 13).

The Plaintiff filed an application for disability benefits on April 29, 2010 (Tr. 133-36; *see also* Tr. 17). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although she could not return to her past relevant work, Plaintiff was capable of performing specific light work jobs (Tr. 17-32). The Appeals Council denied review

2

of the hearing decision (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Hall alleges that: (1) The Appeals Council did not properly consider the additional evidence submitted to it; (2) the ALJ did not properly consider her mental impairment; (3) the ALJ improperly rejected her complaints of pain; (4) the ALJ did not consider the combination of all of her impairments; and (5) the ALJ posed incomplete hypothetical questions to the vocational expert (Doc. 14). Defendant has responded to—and denies—these claims (Doc. 15). The relevant evidence of record will now be summarized herein.

On March 29, 2010, Dr. Keith Dismukes examined Hall for a fall she had had at work a month earlier, causing low back pain (Tr. 234-36). The doctor found no tenderness to palpation and good range of motion, though Plaintiff complained of discomfort on rotational movements of the lumbosacral spine. Straight leg raises were normal. X-rays showed some arthritic changes and anterior osteophytes; there was mild disc space narrowing of the L5-S1. Dismukes recommended Naprosyn,[1] Tylenol 3,[2] physical

---

[1] **Error! Main Document Only.***Naprosyn*, or *Naproxyn*, "is a nonsteroidal anti-inflammatory drug with analgesic and antipyretic properties" used, *inter alia*, for the relief of mild to moderate pain. *Physician's Desk Reference* 2458 (52nd ed. 1998).

therapy, and put her on light work duty with no bending and no lifting of more than ten pounds.

On February 23, 2010, Plaintiff was examined at Vaughan Regional Medical Center where she had a negative chest x-ray; an echocardiogram revealed normal systolic function, though there was mild mitral and tricuspid regurgitation and mild pulmonary insufficiency and hypertension (Tr. 241-44; *see generally* Tr. 238-44). On April 28, Hall underwent an MRI of the lumbar spine without contrast that revealed that the L5-S1 disk was dehydrated without significant narrowing as well as a mild, broad-based posterior protrusion (Tr. 238-40).

On May 25, Dr. Dismukes found some mild-to-moderate tenderness over the lumbosacral junction and midline; Hall had some stiffness but good range of motion (hereinafter *ROM*) in all planes (Tr. 268). He prescribed Naprosyn, Darvocet,[3] and physical therapy. On June 18, following physical therapy treatments, the doctor noted tenderness along the midline lumbar area though there was no real tenderness in the sciatic notch or sacroiliac regions (Tr. 267). Hall had fairly good ROM to all

---

[2]**Error! Main Document Only.***Tylenol* with codeine is used "for the relief of mild to moderately severe pain." *Physician's Desk Reference* 2061-62 (52nd ed. 1998).

[3]**Error! Main Document Only.**Propoxyphene napsylate, more commonly known as Darvocet, is a class four narcotic used "for the relief of mild to moderate pain" that commonly causes dizziness and sedation.

4

planes with no obvious severe discomfort; Dr. Dismukes recommended over-the-counter medications for pain.

Records from Genesis Rehab demonstrate that Plaintiff underwent three weeks of physical therapy from May 28 through June 18, 2013 (Tr. 246-64). Initially, she was noted to be minimally motivated and to have more difficulty with simple tasks than would be expected (Tr. 258). During the course of treatment, Hall's pain decreased, her range of motion increased, and she was more compliant with the training sessions.

Plaintiff was seen by Dr. Chester Boston, Jr., at the University Orthopedic Clinic, on July 23, 2010 for lumbar discomfort (Tr. 286; *see generally* Tr. 280-99). Boston noted that Hall could walk and stand normally without limp or instability (Tr. 286). There was some tenderness in the lumbar area. Plaintiff had full ROM in both shoulders, elbows, wrists, and in the fingers; likewise, there was full ROM in Hall's hips, knees, and ankles, bilaterally. There was normal strength and sensation in all muscles; fine motor testing was normal. An MRI of the lumbar spine was unremarkable; Dr. Boston said that Hall could return to work immediately but could not bend or lift more than ten pounds (Tr. 284). On August 25, 2010, Dr. Boston noted

---

*Physician's Desk Reference* 1443-44 (52nd ed. 1998).

that Hall had responded well to an epidural block and had had no more symptoms and could return to work immediately with no restrictions (Tr. 280, 298).

On July 8, 2011, Dr. Boston examined Hall for complaints of burning, deep, sharp and throbbing pain and moderate stiffness in the lumbar region; she rated her pain at seven on a ten-point scale (Tr. 312-14).  The doctor noted that her walk was normal; further testing revealed that her back was pain-free on both the left and right.  Boston's diagnosis was lumbago.  On July 20, 2011, Dr. Rick Thomason, of the SpineCare Center, examined Plaintiff and found her lumbar to be normal; he found no pain or palpation tenderness (Tr. 315-18).  Nevertheless, he conducted an L5-S1 lumbar epidural injection under fluoroscopy for low back pain (Tr. 319).

At the evidentiary hearing, Plaintiff testified that she had fallen at her last job and hurt her back (Tr. 46-47); she was released to go back to work performing light duty (Tr. 47-48).  Because of the fall, she could stand for only twenty minutes and sit for an hour; she could not bend or pick up heavy objects (Tr. 48).  Hall could walk ten-to-fifteen minutes before getting short of breath (Tr. 49).  Plaintiff testified that she took a pain pill twice a day for her back; the medicine made her

6

drowsy and caused her to sleep for four hours during the day (Tr. 49-50). She rated her average pain as seven or eight on a ten-point scale; the pain meds dropped it to five, though it lasted for only an hour (Tr. 50). Hall has arthritis in her right knee, causing problems with walking, standing, and going up the stairs (Tr. 50-51). Plaintiff stated that she had bad nerves, causing insomnia (Tr. 51). She is not as active at church because of her pain; she no longer goes to the grocery or does her own chores except to wash her clothes and dishes (Tr. 51-52). Hall stated that she had suffered depression for a year, causing her to lack motivation to do anything or be around anybody approximately two days a week (Tr. 52-53). Plaintiff drove occasionally (Tr. 53). She had hypertension for which she took medication; she gets headaches three times per week, each lasting about two hours (Tr. 54-55).

In her determination, the ALJ found that Plaintiff's claims of debilitating pain were not credible (Tr. 23, 28, 30). The ALJ found that Hall had the residual functional capacity to perform light work[4] "with a sit/stand option, with no climbing of

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or

7

stairs, ladders, ropes or scaffolds. From a mental perspective, [the ALJ found] that the claimant was limited to unskilled tasks (Tr. 21). The ALJ found the opinions of Drs. Boston and Dismukes to be supported by the evidence. Following testimony from a vocational expert, the ALJ determined that there were specific jobs that Hall was capable of performing (Tr. 31).

This concludes the review of the relevant evidence of record that was considered by the ALJ. Plaintiff has, however, asserted that the Appeals Council did not properly consider the evidence submitted to it (Doc. 14, pp. 8-10). Defendant has argued that the evidence should not be considered in determining whether the ALJ's decision is supported by substantial evidence (Doc. 15, p. 15). The evidence in dispute appears at pages 334-96 of the record.

The Court notes that "[a] reviewing court is limited to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence." *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985). However, "new evidence first submitted to the Appeals Council is part of the

---

wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b) (2013).

8

administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11th Cir. 1994). Under *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1264 (11th Cir. 2007), district courts are instructed to consider, if such a claim is made, whether the Appeals Council properly considered the newly-submitted evidence in light of the ALJ's decision. To make that determination, the Court considers whether the claimant "establish[ed] that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

The Court first notes that the ALJ's decision was entered on October 7, 2011 (Tr. 32). A portion of the new evidence pre-dates the ALJ's determination (Tr. 358-86). However, a portion of that is duplicative, so contributes nothing new (*cf.* Tr. 324-28 with Tr. 359-64, 366-67). Though there is other evidence that pre-dates the ALJ's decision (Tr. 365, 368-86), Hall has

9

failed to demonstrate why it was not submitted at the administrative level in a timely manner as required in *Caulder*. Nevertheless, the Court finds that the evidence concerns an epidural block and that it would not change the ALJ's decision.

The rest of the evidence submitted was generated after the ALJ's decision (*see* Tr. 334-57, 387-96). The Court finds that, generally, the evidence is cumulative to the other evidence of record. However, the Court notes that a pain form and medical source statement, both completed by Dr. Glenton Davis, do provide opinions not otherwise reflected in the record (Tr. 353-57); in the medical source form, Davis finds Plaintiff extremely limited in her physical abilities and suggests that she has been limited in this way for two-plus years (Tr. 357). This would be relevant if the doctor had explained how he arrived at this decision as he had treated Hall for only four months at the time it was rendered and there is no indication that he had access to any of Plaintiff's other medical records from which he could have formed his opinions.

Plaintiff has also provided a vocational assessment, from July 20, 2012, generated by Nancy L. Crumpton, Ed.D. (Tr. 391-95). Her report summarized medical evidence of record (including Dr. Davis's opinions) and results from a test she had

administered, the Wide Range Achievement Test – Revision 4. Crumpton concluded that Plaintiff's poor academic functioning, in combination with the extreme limitations found by Davis, would render Hall totally disabled, vocationally.  The Court found that Davis's limitations provided no relation-back to the relevant time period under consideration in this action; Crumpton's conclusions must also fail for the same reason.

In summary, the Court finds that the three-prong standard has been met.  Plaintiff has not shown how the new evidence presented to the Appeals Council was relevant to the period of time considered by the ALJ; furthermore, there has not been a showing that the evidence would likely change the ALJ's decision.  As such, the Court finds that the Appeals Council was not in error in not considering the newly-submitted evidence.

Hall next asserts that the ALJ did not properly consider her mental impairment.  As part of this claim, Plaintiff asserts that the ALJ did not complete a Psychiatric Review Technique Form (PRTF) or incorporate its analysis into her findings (Doc. 14, pp. 2-5).

In her determination, the ALJ found that Hall had a severe impairment of depression, but further found that she did not meet the requirements of Listing 12.04 for Affective Disorders

(Tr. 19, 20). In reaching this decision, the ALJ went through "paragraph B and C" criteria, explaining why Hall's impairment was not disabling (Tr. 20-21). The Court finds that this analysis satisfied the ALJ's burden regarding the PRTF.

The Court also notes that the ALJ referenced a "Report of Contact" form in the record wherein a representative from the Social Security Disability Determination Office contacted Hall about her bad nerves (Tr. 27). The representative reported as follows: "[Hall] stated it was situational related to her fall. It in itself does not keep her from working she does not wish to pursue a mental impairment. Her physical allegations are what limits her ability to work" (Tr. 194). The ALJ went on to note that Plaintiff had had no "actual treatment for bad nerves/depression . . . [had] never been referred to or received any psychiatric or psychological treatment . . . [and had] not required any emergency room services or inpatient hospitalization for bad nerves/depression" (Tr. 27).

The Court further notes that the medications Plaintiff received were from her internist and not a specialist in mental impairments (*see* Tr. 13). In spite of her assertion that the "medical records are replete with references to Ms. Hall's anxiety and depression" (Doc. 14, p. 2), the evidence shows

12

otherwise.  Five of the ten pages cited (169, 174, 186, 188, and 194) are Plaintiff's own statements or Social Security forms that bear no medical signature; as noted previously, the final citation of these five indicates that Hall does not, by her own admission, really have a mental impairment that prevents her from working (Tr. 194).  Plaintiff cites two pages of actual medical records (*see* Tr. 219, 313); the first is indecipherable to the Court and appears to provide no treatment (Tr. 219) while the second only lists depression and nervousness as a part of Hall's medical history while, again, providing no treatment (Tr. 313).  The final three pages cited by Hall (Tr. 337, 339, and 348) fall within the medical evidence not considered by the ALJ; as noted earlier, that evidence will not be considered by the Court either.  The Court finds that the ALJ properly considered the scant evidence presented of Hall's mental impairment.

Plaintiff next claims that the ALJ improperly rejected her complaints of pain.  The standard by which Hall's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably

13

expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. 404.1529(a) (2013).

In her determination, the ALJ found that Hall's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they" exceeded the residual functional capacity assessment (Tr. 23). Setting out specific medical notes, the ALJ went on to find that "the record does not support the claimant's allegation of moderately severe pain on a constant or even recurring basis" (Tr. 28). She found that Hall's medication caused only "mild to moderate side effects, as opposed to totally debilitating ones, with no significant change in treatment being required" (Tr. 28); the ALJ discounted Hall's statement that her medications caused her to sleep four hours per day, noting that there was no medical source to support the statement (Tr. 29). The ALJ found that Hall's activity level was inconsistent with her testimony, noting a particular function report that she had completed in applying for benefits (Tr. 29; *see also* Tr. 183-90). Finally, the ALJ noted that the objective medical evidence did not support the degree of pain alleged (Tr. 30).

In bringing this claim, Hall cites six specific records to show that her pain was worse than found by the ALJ (Doc. 14, pp. 5-6). Five of those six fall within the medical evidence not considered by the ALJ; likewise, that evidence, as discussed

15

earlier, will not be considered by the Court.

Hall has also argued that her claim does not fail solely because the objective evidence does not support her claim (Doc. 14, pp. 6-7). While this is true, the ALJ clearly held that ALJ's impairments would not be expected to cause the extent of the pain alleged (Tr. 30).

The Court finds that the ALJ has fully explained why she rejected Hall's assertions of debilitating pain. The Court finds substantial support for those conclusions. Plaintiff's claim otherwise is without merit.

Hall next claims that the ALJ did not consider the combination of all of her impairments (Doc. 14, p. 3). It is true that "the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)C). The Eleventh Circuit Court of Appeals has noted this instruction and further found that "[i]t is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984); *see also Reeves v.*

*Heckler*, 734 F.2d 519 (11th Cir. 1984); *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982).

In the ALJ's findings, she lists Plaintiff's impairments and concludes by saying that she did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1" (Tr. 19). This specific language has been upheld by the Eleventh Circuit Court of Appeals as sufficient consideration of the effects of the combinations of a claimant's impairments. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991) (the claimant does not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4"). Plaintiff's claim that the ALJ did not properly consider the combination of her impairments is without merit.

Hall's final claim is that the ALJ posed incomplete hypothetical questions to the vocational expert. Plaintiff specifically argues that the ALJ failed to account for any limitations in her ability to work because of her anxiety and depression (Doc. 14, p. 4).

At the hearing with the ALJ, a vocational expert

17

(hereinafter *VE*) first testified about Hall's previous work (Tr. 63-65). The ALJ then posed two hypothetical questions, each specifically noting that the person would be limited to "unskilled tasks consistent with SVP of 1 or 2 on a sustained basis" (Tr. 65; *see also* Tr. 66). In answering the second hypothetical, the VE provided a list of jobs that the ALJ found Plaintiff could perform (Tr. 66-67; *cf.* Tr. 31). In the decision, the ALJ specifically stated that, as part of her RFC assessment, "[f]rom a mental perspective, I find that the claimant is limited to unskilled tasks" (Tr. 21). The Court further notes that Hall has not demonstrated that her mental impairment limits her ability to work in any way. Plaintiff's claim that the ALJ posed incomplete hypotheticals to the VE is not supported by the record.

Plaintiff has raised five different claims in bringing this action. All are without merit. Therefore, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Carolyn W. Colvin and against Plaintiff Barbara Hall.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who

objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 24th day of September, 2013.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE